# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL NO. 3:02CV520-C

| | | |
|---|---|---|
| **SUPPORT DESIGN AB,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **vs.** | **)** | **MEMORANDUM AND RECOMMENDATION** |
| | **)** | **AND ORDER** |
| **RGP DENTAL, INC.,** | **)** | |
| | **)** | |
| **Defendant.** | **)** | |
| | **)** | |

**THIS MATTER** is before the Court on the "Defendant RGP's Motion to Sanction Plaintiff [including memorandum] ... " (document #27) filed April 15, 2005; and the "Plaintiff's Response ..." (document #28) filed April 29, 2005.    On May 11, 2005, the Defendant filed its "Reply ..." (document #29).

On June 29, 2005, this matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the Plaintiff's motion is now ripe for the Court's consideration.

Having fully considered the arguments of counsel, the record, and the applicable authority, concerning the monetary sanctions that the Defendant seeks, the undersigned will <u>deny</u> the Defendant's motion and, further, to the extent that the Defendant seeks dismissal as a sanction, will respectfully recommend that the Defendant's motion be <u>denied</u>, as discussed below.

## I. <u>FACTUAL AND PROCEDURAL HISTORY</u>

This is an action for trademark infringement of a dental chair seat and seat back design ("the Seat Design").  The Plaintiff, Support Design AB, is a foreign corporation with its headquarters in Sunne, Sweden.  The parties agree that Magnus Norman, a Swedish citizen and Support Design's

president, is the appropriate person to give a deposition on behalf of the Plaintiff pursuant to Fed. R. Civ. P. 30(b)(6).

The Defendant, RGP Dental, Inc., is a Rhode Island corporation doing business in North Carolina. David Solomon, RGP's president, will serve as the Defendant's Rule 30(b)(6) witness. The Plaintiff alleges and the Defendant does not dispute that Mr. Solomon resides in Rhode Island and spends several months each year in Sweden.

On December 12, 2002, the Plaintiff filed this action, alleging that the Defendant was manufacturing and selling an exact copy of the trademarked Seat Design, and contending that venue was appropriate in the Western District of North Carolina because the Plaintiff's investigation had revealed that the Defendant's alleged infringing activities occurred at a trade show held in Charlotte, North Carolina, on December 6-7, 2002.

Relevant to the instant Motion for Sanctions, a Pretrial Order and Case Management Plan was entered on June 17, 2003 by the Honorable Graham C. Mullen, setting the discovery deadline for May 20, 2004.

As the Plaintiff points out in its brief, rather than propound any requests for written discovery, the Defendant filed a petition with the Trademark Trial and Appeal Board ("TTAB") contesting the ownership of the Seat Design trademark and seeking to have the Plaintiff's registered trademark in the Seat Design rescinded.[1]

On May 5, 2004, the Plaintiff noticed the Defendant's Rule 30(b)(6) deposition to be taken on May 19, 2004 in Rhode Island.

---

[1]On May 26, 2004, the TTAB suspended its administrative proceeding pending the outcome of this case.

On May 7, 2004, the Defendant noticed the Plaintiff's Rule 30(b)(6) deposition to be taken in Charlotte sometime prior to the Defendant's Rule 30(b)(6) deposition.

Shortly thereafter, the parties agreed to delay both depositions while they attempted a "global settlement" of all issues between them.

On November 1, 2004, and after concluding that the settlement negotiations were unproductive, the Defendant re-noticed the Plaintiff's deposition to take place in Charlotte on November 22-23, 2004, dates apparently selected unilaterally by defense counsel.

On November 10, 2004, Plaintiff's counsel responded by letter, indicating that Mr. Norman would be in Italy on those dates and could not attend the deposition.

Subsequently, the parties' counsel discussed the timing and location of the depositions but were unable to agree whether the depositions would take place in Charlotte or Rhode Island, and could not agree on dates to conduct the depositions.

On November 18, 2004, the Defendant filed a Motion to Compel the Plaintiff to appear in Charlotte for its Rule 30(b)(6) deposition.   See Document #23.

On December 6, 2004, the parties' counsel reached a tentative agreement that the depositions would be conducted in Charlotte sometime after the then-upcoming holidays.

On December 8, 2004, via an e-mail to defense counsel, Plaintiff's counsel proposed the week of January 24, 2005 for conducting the depositions and requested that the Defendant respond so that the Plaintiff "could commit and make travel arrangements."  See Exhibit K to Plaintiff's "Response..." (document #28) .

On December 20, 2004, the Defendant withdrew its Motion to Compel.  See Document #24.

The Plaintiff credibly alleges in its Response, however, that the Defendant did not confirm

its availability for the week of January 24, 2005, until January 13, 2005, when defense counsel wrote

Plaintiff's counsel concerning the depositions, at which time Mr. Norman had already made plans

for other business travel.

On January 14, 2005, Plaintiff's counsel informed defense counsel that Mr. Norman would

not be available for depositions until sometime after the week of January 24 and requested that

counsel select new dates for the depositions.

Defense counsel next contacted Plaintiff's counsel concerning this issue by letter dated April

5, 2005, stating that the Defendant would no longer agree to appear for its deposition in Charlotte

and that prior to taking any depositions, the Plaintiff must reimburse the Defendant in the sum of

$18,480, the alleged costs that the Defendant had incurred in preparing for the depositions and in

filing its Motion to Compel, discussed above.

The parties were subsequently unable to resolve their dispute, and on April 15, 2005, the

Defendant filed its "Motion to Sanction Plaintiff," seeking dismissal of the Complaint, along with

monetary sanctions.

The Defendant's motion has been fully briefed as set forth above and is, therefore, ripe for

determination.

## II. <u>DISCUSSION</u>

It is well settled that it is within the district court's substantial discretion to compel a party,

or as in this case, both parties, to appear for depositions.  See, e.g., <u>Lone Star Steakhouse & Saloon,

Inc. v. Alpha of Va., Inc.</u>, 43 F.3d 922, 929 (4th Cir. 1995) (discovery orders reviewed on appeal for

abuse of discretion); <u>Erdmann v. Preferred Research Inc.</u>, 852 F.2d 788, 792 (4th Cir. 1988) (noting

district court's substantial discretion in resolving discovery issues); and LaRouche v. National

Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

Moreover, dismissal, or entry of default judgment where the offending party is the defendant,

are remedies available under Rule 37 for a party's failure to obey rules governing discovery and

orders of the district court.  See Fed. R. Civ. P. 37(b)(2)(C); National Hockey League v. Metro.

Hockey Club, 427 U.S. 639, 643 (1976); Mutual Fed. Sav. & Loan v. Richards & Assocs., 872 F.2d

88, 92 (4th Cir. 1989); and  Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 504-04 (4th Cir.

1977).   Prior to entry of such drastic sanctions, however, the Fourth Circuit has emphasized the

significance of both establishing a history of dilatory action and warning to the offending party of

what may follow.  See, e.g., Hathcock v. Navistar Int'l Transp. Corp., 55 F.3d 36, 40 (4th Cir. 1995);

Choice Hotels Int'l v. Goodwin & Boone, 11 F.3d 469, 473 (4th Cir. 1993); and Lolatchy v. Arthur

Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987).

Rule 37(b)(2) governs the appropriate sanctions for failure to comply with a discovery order,

stating in relevant part:

> If a party … fails to obey an order to provide or permit discovery … the court in
> which the action is pending may make such orders in regard to the failure as are just,
> and among others the following… (C) An order … dismissing the action or
> proceeding or any part thereof….

Fed. R. Civ. P. 37(b).

In Mutual Federal, the Fourth Circuit restated the four factors a district court should consider

in deciding whether to impose the sanction of dismissal.  These factors are:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice
> his noncompliance caused his adversary, which necessarily includes an inquiry into
> the materiality of the evidence he failed to produce; (3) the need for deterrence of the
> particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

Id. at 92, citing Wilson, 561 F.2d at 503-04.

Applying these principles to the record in this case, the undersigned concludes that it is not appropriate to sanction the Plaintiff. Indeed, the Court has not previously warned the parties of the sanctions they face for failing to conduct discovery properly. Moreover, it is evident that neither party has cleans hands in this protracted dispute concerning their depositions. Accordingly, the undersigned will deny the Defendant's Motion to Sanction Plaintiff to the extent that it seeks non-dispositive monetary sanctions; provided however, the parties will be required to appear for their respective depositions, as ordered below.

For the same reasons, to the extent that the Defendant seeks the dispositive sanction of dismissal, the undersigned will respectfully recommend that the Defendant's Motion to Sanction Plaintiff be denied.

Finally, the undersigned warns the Plaintiff and the Defendant that any failure to appear at their depositions as ordered below, to fail to respond to the opposing party's reasonable discovery requests, or to otherwise comply fully with any of the Court's Orders, the Local Rules, or the Rules of Civil Procedure will result in the imposition of sanctions. **Sanctions can include the offending party being required to pay the opposing party's costs, including reasonable attorney's fees in their entirety, and may also include dismissal with prejudice or entry of default judgment.**.

## III. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The "Defendant RGP's Motion to Sanction Plaintiff ... " (document #27) is **DENIED** to the extent that the motion seeks monetary sanctions; and

6

2.   The parties shall appear for their Rule 30(b)(6) depositions, as well as the individual depositions of Mr. Norman and Mr. Solomon should either party choose to depose these witnesses in their individual capacities, at a location and at dates and times mutually agreeable to the parties, provided that the depositions shall be taken in Charlotte, North Carolina, no later than October 15, 2005.

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned will respectfully recommend that the  "Defendant RGP's Motion to Sanction Plaintiff ... " (document #27)  be **DENIED** to the extent that the motion seeks dismissal as a discovery sanction.

## V.  NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same.  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);  Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990).   Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court.  Diamond v. Colonial Life, ___ F.3d ___, ___ (4th Cir. 2005);  Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365.  Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Diamond, ___ F.3d at ___; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

**Signed: August 9, 2005**

_Carl Horn, III_

Carl Horn, III
United States Magistrate Judge